[No. D004159. Fourth Dist., Div. One. Nov. 3, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS R. LEPE, Defendant and Appellant.

1348

**COUNSEL**

Elsa L. Norbeck, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Michael D. Wellington and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BUTLER, J.**—Carlos R. Lepe appeals his four-year prison term concurrent with an earlier term of imprisonment. We shall relate the sentencing sequences, discuss his contentions, and affirm.

### I

On April 16, 1985, Lepe pleaded guilty in Imperial County Superior Court case number 12176 to two counts of assault with a deadly weapon (Pen. Code,[1] § 245(a)(1)). While out on bail awaiting sentencing, he was arrested and jailed April 24, 1985, on the instant case for purse-snatching. On May 20, 1985, the court sentenced him to two concurrent upper four-year terms in case number 12176 and, pursuant to stipulation of counsel, credited him with 561 days for time served, including good behavior credits.

In September 1985, Lepe pleaded guilty in this case to grand theft person (§ 487, subd. 2) and admitted he had served a prior prison term (§ 667.5(b)). On October 25, 1985, the court sentenced him to a total four-year term, consisting of the upper three-year term for the theft and a one-year enhancement for the earlier prison term. The court ordered this sentence to run concurrent with the prison term Lepe was then serving in case number 12176. Lepe was also credited with 277 days for time served in this case.

### II

In an interesting twist of logic, Lepe appeals,[2] contending the sentencing court abused its discretion in ordering this case concurrent with his sentence in case number 12176. He asserts statutory sentencing and California Rules of Court[3] criteria mandate consecutive terms. He also argues the court in imposing concurrent terms denied him certain limitations on enhancements for terms imposed consecutively, denied him appropriate presentence credits for time served, denied him uniformity of

---

[1] All statutory references are to the Penal Code unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

[2] The People initially object to this court entertaining Lepe's appeal as he filed his notice of appeal December 26, 1985, two days after the 60-day statutory period for filing appeals expired. (Cal. Rules of Court, rule 31(a).) The record, however, shows Lepe, as an incarcerated prisoner and acting in propria persona signed his notice of appeal December 16, 1985, in Chino, California. Under these circumstances, we deem his appeal timely filed under the constructive filing exception to the 60-day limit. (See *In re Benoit* (1973) 10 Cal.3d 72, 84 [109 Cal.Rptr. 785, 514 P.2d 97].)

[3] All rule references are to the California Rules of Court unless otherwise specified.

sentence, and in effect, unlawfully imposed a longer term of commitment based solely on its subjective beliefs. These contentions are meritless.

## III

██ It is well established a trial court has discretion to determine whether multiple sentences are to run concurrently or consecutively. (§ 669; *People* v. *Bradford* (1976) 17 Cal.3d 8, 20 [130 Cal.Rptr. 129, 549 P.2d 1225].) Generally, this determination is a sentencing choice for which the trial court is required to state reasons on the record. (§ 1170(c); rules 405 & 443; *People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 704 [173 Cal.Rptr. 71].) A concurrent sentence, though, will be imposed as a matter of law if the court fails to determine how the terms of imprisonment will run in relation to each other; thus no reasons are needed to impose concurrent terms. (§ 669.) Rule 425 sets forth criteria affecting the court's decision to impose consecutive rather than concurrent sentences. In the absence of a clear showing of abuse, an appellate court will not disturb the trial court's exercise of discretion in this regard. (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].) The trial court abuses its discretion only when, considering all the circumstances, its determination exceeds the bounds of reason. (*Ibid.*)

## IV

At the sentencing hearing on this case, counsel represented to the court the unusual circumstance Lepe would receive a longer term if the court imposed concurrent rather than consecutive terms. Lepe argued because his case satisfied the criteria for the aggravated consecutive term, the court must order his sentence consecutive to the uncompleted term he was then serving. The court, after denying probation and imposing the upper term for the theft and a one-year enhancement for the earlier prison term, stated: "When we get to the area of whether or not this should be a concurrent or consecutive sentence, the court has considered the factors with respect to the imposition of consecutive and/or concurrent sentences in this case.

"The court is treating this case as though it were in fact imposing a consecutive sentence, even though in order to accomplish a consecutive sentence the court must, because of peculiarities of the [determinate] sentencing laws, the court must impose a concurrent sentence in order to accomplish what we would normally be accomplishing with respect to a consecutive sentence.

"The court is satisfied that the maximum time that this defendant should be incarcerated is the goal to be achieved in this case because of the fact that

the defendant was on parole at the time that he committed this offense, and that it is independent of other offenses that he is currently serving time for.

"Therefore, the court elects to accomplish a result which will mean that the defendant will serve the longest time by not technically imposing the consecutive sentencing."

Defense counsel then asked the court to clarify which case would be the primary term and which would be the subordinate term. The court declined to determine such as it was not technically imposing consecutive terms.

V

On appeal, Lepe again asserts the sentencing court was required to impose his sentence in this case consecutive to that in case number 12176. Lepe, however, fails to recognize the sentencing court's decision to impose concurrent or consecutive terms is discretionary and not mandatory. (§ 669.) Neither case law nor statutory authority restricts or precludes a sentencing judge from exercising discretion to impose a concurrent rather than a consecutive sentence for the purpose of lengthening a defendant's term of incarceration. The rules of court are merely guidelines to assist the court in making its sentencing choices and in exercising its discretion. Because counsel had represented a concurrent term would result in a longer term, the court, at the urging of the People, stated reasons to support its decision to impose concurrent terms.

While the court here was not required to state reasons for imposing the concurrent term, it did so. Contrary to Lepe's allegation the court picked a certain length of term and then reasoned backward (*People* v. *Swanson* (1983) 140 Cal.App.3d 571, 574 [189 Cal.Rptr. 547]), the court's comments show it analyzed the problem and made a careful, reasoned decision (see *In re Podesto* (1976) 15 Cal.3d 921, 937 [127 Cal.Rptr. 97, 544 P.2d 1297]). Lepe does not challenge the propriety of the factors cited by the judge in making its determination. Nor does he provide any evidence his sentence is any longer than sentences imposed for other repeat offenders committing the same offense under similar circumstances.

One of the primary purposes of the determinate sentencing law (DSL) is to increase the penalties for repeat offenders and thereby hopefully deter recidivism. (See *People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 74 [159 Cal.Rptr. 894].) To accept Lepe's premise a consecutive term is mandatory whenever a sentencing judge finds any of the factors under rule 425 relevant would be to exalt form over substance. Such acceptance would not only negate the purpose of increasing penalties for repeat offenders like Lepe, but

would also negate the court's discretion under section 669. We do not think this is a result the drafters of the DSL envisioned.

Considering all the circumstances, we find the court's decision here to impose concurrent sentences comports with the spirit of the DSL and does not exceed the bounds of reason. The record fully supports imposition of a longer term; that such is achieved by a concurrent sentence rather than a consecutive term is of no consequence. The sentencing court properly exercised its discretion to impose a term which would place Lepe, a repeat offender, in custody for the maximum period possible.

The record also shows Lepe received appropriate presentence custody credits in this case from the time of his arrest until he was sentenced. Lepe fails to clarify how his other contentions have any merit.

Judgment affirmed.

Kremer, P. J., and Huffman, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.