[No. G012721. Fourth Dist., Div. Three. Aug. 24, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL LOPEZ CALDERON, Defendant and Appellant.

**COUNSEL**

Stephen Gilbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Nancy Palmieri, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CROSBY, J.**—This is our second review of this case. In the first (G010983), we reversed a count of attempted robbery with directions to dismiss because it was a lesser included offense of a completed robbery set forth in another count. This would have potentially reduced Manuel Lopez Calderon's twenty-three-year, four-month sentence by one year. We remanded for resentencing to allow the court to restructure the sentence in its discretion. By changing a stayed sentence on one count to a consecutive one, the judge reimposed the original term. We now affirm.

I

Calderon first questions the reasons given by the judge for giving a number of consecutive terms. The sentence was constructed in this manner:[1] First, the court correctly noted defendant was statutorily ineligible for probation (Pen. Code, § 1203.06, subd. (a)(1)(ii) [commission of robbery with use of a firearm]). The judge then announced, "And it's my intentions

---

[1]Although it skews the chronology of defendant's crime spree, we set out the offenses in the order employed by the judge at sentencing.

[*sic*], so that you'll understand what I'm doing, to reimpose the 23-years-and-one-third sentence that was previously imposed."

Only the sentence on count 1 changed, and the court dealt with it last. Count 14 was selected as the base term. That was an attempted murder committed on May 9, 1990. The victim of this offense was a convenience store customer who walked in on a robbery and was shot in the face. As it did with respect to all the counts, the court chose the midterm (seven years); consequently, no reason had to be given and none was. The judge added four years for use of a firearm.

Counts 11, 12, 13, 15, and 16 also dealt with the same incident. The store clerk was the robbery victim in count 11, and a one-year[2] consecutive sentence on that charge was imposed because "the robbery of [the clerk] is a separate act of violence, a separate crime, and this is a separate victim from the victim in count 14." The clerk, who was roughly treated, sexually assaulted, and struck in the face with a pistol, drawing blood, was also the victim of an assault with a deadly weapon in count 12. The judge gave a year more for the assault with a deadly weapon because "defendant's act of imposing an injury on the victim had a separate [sexual] purpose and intent from the 211."

Count 15 was the lesser included offense we ordered dismissed, and the court did so. The robbery victim in count 16 was in a car parked outside the convenience store. After striking a firearm allegation attached to this charge, the court imposed a one-year consecutive term because defendant was armed and this was a separate crime, separate victim, and separate loot.

Counts 9 and 10 involved a May 8, 1990, liquor store robbery of two clerks. An assault with a deadly weapon conviction in count 10 as to one of the clerks drew an additional year. The court gave these reasons: "[A]l-though it's one robbery, one incident of robbery, he is a separate victim from the victim in count 9 . . . ." The judge also noted, "And in this incident the—the defendant pointed a weapon at the head of the victim." For the robbery charged in count 9, the court selected a year consecutive, noting the victims were different, the offense was different, and the weapon was also pointed at this victim. Firearm enhancements respecting both counts were stricken.

Count 8 was a gas station robbery on April 29, 1990. The court added another year consecutive for use of a knife and cited the separateness of the offense. The knife enhancement was stayed.

---

[2]One-third the midterm of three years: The sentences on the remaining counts are similarly adjusted.

Counts 6 and 7 were robbery convictions involving a convenience store clerk and a customer on April 28, 1990. Both were threatened with a handgun, and property was taken from both. The court gave consecutive one-year terms, finding separate offenses and a firearm use in each. Firearm enhancements were stayed.

Counts 2, 3, 4 and 5—three robberies and an assault with a deadly weapon—arose out of a single incident at a Westminster 7-Eleven store, also on April 28, 1990. Counts 3 and 5 were stayed. The other two counts involved the robberies of the clerk and a customer. The court gave a consecutive year on count 4 and 16 months consecutive for use of a firearm. These reasons were given: separate crime, separate victim, separate intent. On count 2 the court imposed another year consecutive because this was a different victim and intent and a weapon was used. The firearm enhancement on this count was stayed.

Count 1 was another robbery of the same Westminster 7-Eleven clerk three days earlier. The court changed the previous stay on this count to a one-year consecutive sentence. It gave these reasons for the consecutive sentence: separate crime, separate intent, and use of a knife.[3] The court explained the modification in the sentence on this conviction as follows: "And since this point will come up, I think this court has the authority to resentence up to the 23 years and one-third that was previously imposed. And that by—as I felt then and I feel today that that was the appropriate sentence for this defendant and the crimes that he committed. And that I previously stayed this particular count on the basis that he would serve 23 and a third years. And since that has not taken place, I believe the court still has the authority to impose the additional one year that was stayed the first time."

II

■ Because the crimes were committed over a short time span and most of the counts arose out of a few incidents, defendant claims the court erred in finding so many separate offenses to justify consecutive sentencing. Instead, we are told, the court should have followed the sentencing criterion set out in rule 425(a)(3) of the California Rules of Court: "The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior."

There are several difficulties with defendant's argument. First, by its own terms the provisions of rule 425 are merely "[c]riteria affecting the decision

---

[3]The knife enhancement was subsequently stayed.

to impose consecutive rather than concurrent sentences . . . ." They are guidelines, not rigid rules courts are bound to apply in every case, as Calderon seems to suggest. (*People* v. *Lepe* (1987) 195 Cal.App.3d 1347, 1351 [241 Cal.Rptr. 388].) Moreover, rule 425(a)(2) provides, "The·crimes involved separate acts of violence or threats of violence." Every one of the offenses described above fits this criterion, and it supports the court's decision to sentence consecutively. It has long been the rule that acts of violence against different victims may be charged and punished separately even though they occur on the same occasion.[4] Even when violent crimes against the same victim on one occasion have separate motives, as the court found with respect to counts 11 and 12, consecutive sentencing is proper. (See, e.g., *People* v. *Nguyen* (1988) 204 Cal.App.3d 181 [251 Cal.Rptr. 40].)

Calderon claims the court overlooked factors in mitigation, but that is not the case. The judge noted his consideration of those factors several times. The process of weighing the relative merits of aggravating and mitigating factors is for the trial court; we do not substitute our judgment on such matters.[5]

## III

■      Because the judge altered the stayed sentence on count 1 to a consecutive term, he is accused of violating the rule of *People* v. *Swanson* (1983) 140 Cal.App.3d 571 [189 Cal.Rptr. 547]. A *per curiam* opinion of the Fifth District, *Swanson* held, "It requires no citation of authority[6] that a sentencing judge is required to base his decision on the statutory and rule criteria, on an analysis of legitimate aggravating and mitigating factors, and *not* on his subjective feeling about whether the sentence thus arrived at seems too long, too short, or just right. He is not permitted to reason

---

[4]For years, firearm use enhancements were the exception to the rule allowing for multiple punishment for violent crimes committed against multiple victims on a single occasion. (*In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23].) The Supreme Court recently eliminated the exception, however; now, one firearm use enhancement may be imposed for each victim even though the crimes are committed in a single incident. (*People* v. *King* (1993) 5 Cal.4th 59, 79 [19 Cal.Rptr.2d 233, 851 P.2d 27].)

[5]Calderon claims the court erred in citing use of a firearm in imposing consecutive terms for counts 2 and 4 because it also sentenced on a gun use enhancement on count 4. Although the court's language, at least as reflected in the reporter's transcript, is somewhat muddled concerning the disposition of these two counts, we read the record differently. The gun use enhancement was given on count 4, but use of the firearm was not one of the reasons stated for consecutive sentencing on that count. Use of a firearm was one of three reasons given for the consecutive sentence on count 2, but the enhancement on that count was stayed. There was no error. Calderon was lucky. The court could have sentenced on both firearm enhancements. (*People* v. *King*, *supra*, 5 Cal.4th at p. 79.)

[6]As has often been noted, when a lawyer or judge says, "It requires no citation of authority," that usually means there is none.

backward to justify a particular length sentence which he arbitrarily determines." (*Id.* at p. 574.)

We think the *Swanson* court overstated the case. At some point a judge *should* evaluate the sentence in the aggregate. Since that offense involved but one victim and was committed on a different day from any of the others, the only possible explanation for the earlier stay on count 1 was that the court must have thought a 24-year, 4-month term would have been too long.[7] Surely, a judge should not hand down a term believed to be excessive in the aggregate simply because a mechanistic micro-examination of the counts without regard to each other will yield such a term.

■ We are not alone in our evaluation of the naive language of *Swanson*: "A judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case, cannot be ignored. A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria. [Citations.] As [*People* v.] *Savala* [(1983) 147 Cal.App.3d 63 (195 Cal.Rptr. 193)] aptly observed . . . 'In making its sentencing choices in the first instance the trial court undoubtedly considered the overall prison term to be imposed and was influenced in its choices by the length of the enhancements.'" (*People* v. *Stevens* (1988) 205 Cal.App.3d 1452, 1457 [253 Cal.Rptr. 173]; see also *People* v. *Burns* (1984) 158 Cal.App.3d 1178, 1183 [205 Cal.Rptr. 356].)

■ There are older cases to the contrary (*People* v. *Espinoza* (1983) 140 Cal.App.3d 564 [189 Cal.Rptr. 543]; *People* v. *Drake* (1981) 123 Cal.App.3d 59 [176 Cal.Rptr. 186]), but we believe the reasoning of *Savala*, *Stevens*, and *Burns* is correct. It is perfectly proper for this court to remand for a complete resentencing after finding an error with respect to part of a sentence and just as proper for the trial judge to reimpose the same sentence in a different manner. As *Savala* explained, "it is not at all uncommon for a trial court to impose an aggregate sentence intended as appropriate total punishment under all of the circumstances, only to discover after an appeal . . . that a portion of the sentence is infected by illegality." (*People* v. *Savala, supra,* 147 Cal.App.3d at p. 66.) A determinate sentence is one prison term made up of discrete components. When one of them is invalid, the entire sentence is infected. (*Id.* at pp. 68-69; *People* v. *Burns, supra,* 158 Cal.App.3d at pp. 1183-1184, fn. 6.)

---

[7]The court also stayed sentence on count 3 at both sentencings, although that was not required by Penal Code section 654.

## IV

■ Finally, Calderon claims double jeopardy principles bar the change in the disposition of count 1 and punishes him for a successful appeal. In support of this spurious notion, he cites *People* v. *Price* (1986) 184 Cal.App.3d 1405 [229 Cal.Rptr. 550]; but that case is entirely distinguishable.

For openers, Price received a 35-year sentence the first time, but got 50 years on remand. The Court of Appeal approved 12 of the additional 15 years imposed on the second go-round; that increase was attributable to those portions of the original sentence found to be unlawful on the first appeal. Three additional years could not be upheld, however. They involved two counts of robbery which had been concurrent midterms at the outset, but became consecutive, with one upper and one midterm, after the second sentencing. The Court of Appeal correctly found it was improper to increase the sentence *as a whole* by adding years to terms on counts where lawful sentences had been previously imposed.[8]

By contrast, although one component of defendant's sentence was raised in this case, the overall sentence was not increased. That is the difference. There was no error.

Judgment affirmed.

Moore, Acting P. J., and Sonenshine, J., concurred.

---

[8]The difficulty with *Price* is the imprecise language employed to explain its result. The opinion states, "If an increase in penalty has no nexus to the original illegality in the sentence, the protection against vindictiveness is not applicable. The general rule applies that in California a harsher penalty may not be imposed after a successful appeal." (*People* v. *Price, supra*, 184 Cal.App.3d at p. 1413.) We are puzzled by the "not" in the first sentence. The court appears to have miscounted negatives.