Filed 4/22/15  P. v. Zink CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LEE ZINK,<br><br>    Defendant and Appellant. | 2d Crim. No. B256883<br>(Super. Ct. No. 2013009427)<br>(Ventura County) |

Christopher Lee Zink appeals his seven-year prison sentence after pleading guilty to felony driving under the influence causing injury (DUI: Veh. Code, § 23153, subd. (a)) and admitting that he inflicted great bodily injury (GBI) on the victim, causing paralysis from the neck down (Pen. Code, § 12022.7, subd. (b)).  Appellant claims that the trial court abused its discretion in not granting probation or striking the five-year GBI enhancement, and that it erred in imposing a two-year midterm sentence on count 1 for felony DUI causing injury.  We affirm.

*Facts and Procedural History*

On March 22, 2013, appellant attended a graduation party in Ventura, drank three beers, and decided to drive home after he and his friends were kicked out of their hotel rooms for being too noisy.  Appellant had not slept in almost 24 hours and nodded off, driving 50 to 55 miles per hour on Rice Avenue.  It was dark and a few minutes before 5:00 a.m.  Appellant ran the red light at Rice Avenue and Channel Islands

Boulevard and broadsided a Ford Expedition driven by Francisco Briones. Briones (age 21) was on his way to work and had just turned right onto Rice Avenue on a green light. The collision demolished the Ford Expedition and fractured Briones' C5 vertebra, causing permanent paralysis from the neck down.

When officers arrived, appellant said: "I'm fine. I'm the designated driver." Appellant had a strong odor of alcohol on his breath, bloodshot eyes, and thick and slurred speech. Appellant failed several field sobriety tests and was arrested. At 6:32 a.m., an hour and a half after the collision, appellant's blood was drawn and had a .14 percent blood alcohol content.

Appellant was charged with felony DUI causing injury (count 1; Veh. Code, § 23153, subd. (a)), driving with a .08% blood alcohol causing injury (count 2; Veh. Code, § 23153, subd. (b)), and personally inflicting great bodily injury on Briones causing paralysis (GBI enhancement; Pen. Code, § 12022.7). After the preliminary hearing, appellant entered into a written plea agreement that provided for a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), and the dismissal of count 2 for driving with a blood-alcohol content of .08 percent or more, by weight, causing injury. The plea agreement, which was signed by appellant and his attorney, stated that appellant could be sentenced to a maximum possible term of eight years state prison.

At the sentencing hearing, appellant requested probation or, in the alternative, that the court strike the five-year GBI enhancement. If the trial court was disinclined to strike the enhancement, appellant argued that he should receive a 16-month low term plus five years on the GBI enhancement, which is what the prosecution offered before the preliminary hearing. The trial court denied probation and denied the motion to strike the GBI enhancement. Appellant was sentenced to a two-year midterm for felony DUI causing injury (count 1), plus five years on the GBI enhancement (§ 12022.7, subd. (b)).

*Penal Code Section 1203, subdivision (e)(3) Willful Conduct*

Appellant argues that the trial court erred in finding that section 1203 rendered appellant presumptively ineligible for probation. Section 1203, subdivision (e)

2

provides: "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . [¶] . . . [¶] (3) Any person who willfully inflicted great bodily injury or torture in the perpetration of the crime of which he or she has been convicted."

The trial court found that appellant intended to drive while intoxicated but did not intend to injure Briones. The Attorney General concedes that Penal Code section 1203, subdivision (e)(3) does not apply but argues that the sentencing error is harmless. We agree. The trial court stated that it was denying probation on multiple grounds: "[W]hether or not [section] 1203(e)[(3)] is applicable or not *is not really an issue to me*. First of all, . . . I could not find with any degree of legal integrity [that] it would be an interest-of-justice grant of probation. *Even if 1203(e)[(3) [was] not applicable, I would not grant probation in this case.* I simply would not. I simply believe it's time to make statements, one, to the victims of drunk drivers, and two, to the public that drunk driving is simply unacceptable. [¶] And its unfortunate that [appellant] is in the position he's in. I agree that he had a tremendous career in the United States Air Force and Air National Guard. I agree he's a fine guy. I just wish this wouldn't have happened, but it did. And I think it could have been prevented if he would have made that decision not to get in that vehicle or when you were nodding off, make the decision to stop driving and make that phone call. If that had been the case, we would have never met. You would have never met the Briones family . . . . [¶] So probation is denied." (Italics added.)

"When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper. [Citation.]" (*People v. Price* (1991) 1 Cal.4th 324, 492.) The trial court considered all the probation criteria set forth in California Rules of Court, rule 4.414. Given the trial court's statement, it is highly unlikely that the court would grant probation upon remand.

*Order Denying Probation*

Appellant contends that the trial court abused its discretion in denying probation because the court believed it had to make a statement that drunk driving is wrong. Appellant asserts that the court did not follow the spirit of the law but probation is not a matter of right, it is an act of clemency and grace. (*People v. Giordano* (2007) 42 Cal.4th 644, 663, fn. 7.) Absent a showing that the sentence is irrational or arbitrary, it is presumed that the trial court acted to achieve legitimate sentencing objectives. (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 825.) Only in an extreme case should an appellate court interfere with the discretion of the trial court when it denies or revokes probation. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443; *People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.)

Appellant's trial attorney agreed that "defendant needs to be punished" but argued there were mitigating factors. Appellant was a distinguished Iraq/Afghanistan war veteran, was remorseful, had cooperated with authorities, and suffered from PTSD and depression as a result of the incident and his military service. Appellant had no criminal record and was attending alcohol counseling on a monthly basis.

The trial court considered each of those factors and the more general sentencing objectives: protecting society; punishing the defendant; encouraging the defendant to lead a law abiding life in the future and deterring him or her from future offenses; deterring others from criminal conduct by demonstrating its consequences; preventing the defendant from committing new crimes by isolating him or her for the period of incarceration; securing restitution for the victims of crime; and achieving uniformity in sentencing. (Cal. Rules of Court, rule 4.410(a)(1) - (a)(7); see *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1312, disapproved on other grounds in *People v. Cook* (Feb. 5, 2015, S215927) ___ Cal.4th __ [2015 DJDAR 1466, 1473].) "Because in some instances these objectives may suggest inconsistent dispositions, the sentencing judge must consider which objectives are of primary importance in the particular case. . . ." (Cal. Rules of Court, rule 4.410(b).)

4

The trial court found that the public danger of drunk driving is "simply unacceptable" and that a prison sentence was required to deter future criminal behavior. This is supported by the probation report which states that the crime was more serious than others of the same type, that appellant inflicted physical or emotional injury on the victim and his family, and that appellant would be a danger to others if not imprisoned. (Cal. Rules of Court, rule 4.414(a)(1), (a)(4), (b)(8).) Appellant also engaged in violent conduct that posed a serious danger to society. (Cal. Rules of Court, rule 4.421(b)(1)).

The trial court did find that appellant was remorseful and had good character but there were aggravating factors. Appellant was drinking, had not slept for almost 24 hours, and knew it was dangerous to drive. The probation report states that appellant contemplated getting into his car for "quite a while" before attempting to drive home. Appellant had a cell phone and could have called a friend or a cab. (See e.g., *People v. Johnigan* (2011) 196 Cal.App.4th 1084, 1091 [implied malice based on intoxicated motorist's refusal to take free cab ride].) Instead, appellant got in his car and drove. It was a deadly combination - alcohol and lack of sleep. Appellant realized he was nodding off, sped on, and was traveling 50 to 55 miles per hour when he struck Briones.

The trial court did not abuse its discretion by denying probation. Appellant made a conscious decision to drive while intoxicated, knew it was dangerous, and knew that he was nodding off before he ran the red light. (See e.g., *People v. Aznavoleh* (2012) 210 Cal.App.4th 1181, 1183 [driver deliberately ran red light at a busy intersection, causing injury to motorist].) Briones had no advance warning or opportunity to avoid the collision. His vulnerability as a victim is a circumstance to be considered in granting or denying probation. (See *People v. Weaver, supra,* 149 Cal.App.4th at p. 1316, fn 15 [Cal. Rules of Court, rule 4.414(a)(3), which lists probation criteria, does not require that victim be "particularly" vulnerable].) Although one could argue that all victims of drunk drivers are vulnerable, there are "extraordinary situations in which a drunk driving victim might be considered to be 'particularly vulnerable' . . . ." (*People v. Bloom* (1983) 142 Cal.App.3d 310, 322.) This is such a case.

*Motion to Strike GBI Enhancement*

Appellant argues that the trial court abused its discretion in not striking the GBI enhancement in the furtherance of justice. (Pen. Code, § 1385, subd. (c)(1).) The trial court denied the motion to strike because to do so "would be to denigrate or somehow devalue the injuries caused by this incident . . . ." The collision nearly killed Briones, paralyzing him from the neck down. Briones has to be fed, bathed, clothed, and helped to cough for the rest of his life. The trial court did not err in imposing a five-year GBI enhancement. To reverse the trial court's decision as an abuse of discretion, we would have to conclude that "its decision is so irrational and arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

*Two Year Midterm for Aggravated DUI*

Appellant finally contends that the trial court erred in sentencing him to a two-year midterm rather than a 16-month low term for felony DUI causing injury. The argument assumes that a midterm sentence is an aggravated sentence but that is not the law. The trial court found that the "factors in mitigation in this case are equal to those in aggravation. Neither side has any stronger weight than the other." Where neither aggravation nor mitigation applies, the sentencing court may rely on the gravity of the offense and the need for deterrence to impose a midterm sentence. (See *People v. Jones* (1985) 164 Cal.App.3d 1173, 1181.) The trial court possesses broad discretion "to tailor the sentence" (*People v. Scott* (1994) 9 Cal.4th 331, 349) and the task of weighing aggravating and mitigating factors is singularly one for the trial court. (*People. v. Calderon* (1993) 20 Cal.App.4th 82, 87; see *People v. Thornton* (1985) 167 Cal.App.3d 72, 77 [weighing of sentence factors involves a flexible quantitative and qualitative analysis, not a rigid numerical approach].) The evidence supports the imposition of a two-year midterm sentence for felony DUI causing injury. On review, we may not substitute our judgment for that of the trial court in considering the weight given to the sentencing criteria. (*People v. Calderon, supra,* 20 Cal.App.4th at p. 87.)

*Conclusion*

"The drunk driver cuts a wide swath of death, pain, grief, and untold physical and emotional injury across the roads of California and the nation." (*Burg v. Municipal Court* (1983) 35 Cal.3d 257, 262 [traffic deaths in the United States exceed 50,000 annually; approximately half of the fatalities are alcohol related].)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Suzan B. Hier, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven E. Mercer, William N. Frank, Deputy Attorneys General, for Plaintiff and Respondent.