Filed 10/20/15  P. v. Ware CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B260633 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA393397) |
| v. | |
| MARCUS LEROY WARE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Edmund Willcox Clarke, Jr., Judge.  Affirmed.

Esther K. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Jonathan J. Kline and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This case is before us again following resentencing. In our prior unpublished opinion, filed on January 28, 2014 (B246050), we ordered a great bodily injury enhancement stricken and remanded the case for resentencing. The trial court imposed the same 16-year sentence by treating a different count as the principal count and selecting the upper term over the previously imposed midterm. Appellant Marcus Leroy Ware contends this was error. We disagree and affirm.

## BACKGROUND

### Facts

Briefly, after threatening the victim in a liquor store, appellant waited for the victim outside and hit him on the head with a thick stick, causing the victim to lose consciousness. While the victim was on the ground, appellant kicked his face, causing injuries that required surgery.

Appellant was charged with two counts: battery with serious bodily injury (Pen. Code, § 243, subd. (d), count 1),[1] and assault with a deadly weapon (§ 245, subd. (a)(1), count 2). As to count 2, it was alleged that appellant personally inflicted great bodily injury (§ 12022.7, subd. (a)). It was further alleged as to both counts that appellant had suffered a prior serious or violent felony conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The jury found appellant guilty as charged. Appellant admitted the prior conviction allegation in a bifurcated proceeding.

### First Sentencing Hearing

The trial court sentenced appellant to a total of 16 years in state prison. On count 1, the principal count, the trial court imposed the upper term of four years, doubled to eight years pursuant to the "Three Strikes" law, plus five years for the prior conviction pursuant to section 667, subdivision (a), plus three years for a great bodily injury enhancement pursuant to section 12022.7, subdivision (a). On count 2, the trial court imposed the midterm of three years, to be served concurrently with the sentence imposed

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

2

on count 1, and imposed but stayed the section 12022.7 great bodily injury enhancement pursuant to section 654.

**Prior Appeal**

Appellant appealed the judgment, challenging the imposition of the great bodily injury enhancement on count 1. We agreed that the enhancement could not be applied because infliction of great bodily injury was an element of count 1—battery with serious bodily injury. We ordered the enhancement stricken from count 1 and remanded the case for resentencing, stating: "[T]he record does not unequivocally show 'the trial court's intent to only impose the maximum sentence on Count 1, and to impose a lesser sentence on Count 2.' It is unclear if the trial court would have selected count 1 as the principal term had it realized the 12022.7 enhancement was not applicable." (*People v. Ware* (Jan. 28, 2014, B246050) [nonpub. opn.].)

We also determined that the two physical attacks by appellant on the victim constituted separate and distinct crimes and therefore section 654 did not require that the sentence on count 2 be stayed.

**Resentencing Hearing**

On remand,[2] the trial court resentenced appellant to a total of 16 years in state prison: on count 2, the new principal term, the trial court imposed the upper term of four years, doubled to eight years pursuant to the Three Strikes law, plus five years for the prior conviction enhancement pursuant to section 667, subdivision (a), plus three years for the great bodily injury enhancement pursuant to section 12022.7; on count 1, the trial court imposed the upper term of four years, doubled to eight years pursuant to the Three Strikes law, and ordered the sentence to run concurrently with the sentence on count 2. Appellant filed a notice of appeal.

---

[2] A different judge presided over the resentencing hearing.

3

## DISCUSSION

Appellant concedes that on remand after a sentencing error, a trial court may generally increase the term of a conviction, such as from a midterm to an upper term, so long as the new aggregate sentence does not exceed the original sentence. (See *People v. Castaneda* (1999) 75 Cal.App.4th 611, 613–614.) Appellant nevertheless argues that pursuant to the law of the case doctrine, this principle is not applicable here and the trial court erred in increasing appellant's sentence on count 2.

The law of the case doctrine "'prevents the parties from seeking appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances.'" (*People v. Boyer* (2006) 38 Cal.4th 412, 441.) According to appellant, "Under the law-of-the-case doctrine, the trial court on remand should have imposed the same mid term sentence on count 2 as the first trial court because this Court affirmed the first trial court's finding that two separate and distinct crimes occurred, and the trial court on remand did not make any new findings of fact to justify the increase of the base term on count 2."

But appellant's argument ignores our reason for remanding the case. Instead of merely striking the section 12022.7 enhancement, we remanded the case for resentencing because it was unclear from the record whether the trial court would have selected count 1 as the principal term had it realized the enhancement was not applicable to that count. Thus, our ruling in effect "opened the door" for the trial court in resentencing appellant. By treating count 2 as the principal term upon resentencing rather than count 1, as was previously done, the trial court did not run afoul of our opinion. Moreover, the trial court maintained the same aggregate term of imprisonment. "It is perfectly proper for this court to remand for a complete resentencing after finding an error with respect to part of a sentence and just as proper for the trial judge to reimpose the same sentence in a different manner." (*People v. Calderon* (1993) 20 Cal.App.4th 82, 88.)

We find no error.

4

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
          ASHMANN-GERST


We concur:


_____, P. J.
       BOREN


_____, J.
       HOFFSTADT