Filed 10/20/20  P. v. Shamblin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DANIEL LEE SHAMBLIN,<br><br>    Defendant and Appellant. | C090671<br><br>(Super. Ct. Nos.<br>18CF06242, 19CF03576) |

After defendant Daniel Lee Shamblin pleaded no contest to several crimes and admitted suffering a prior prison term, the trial court sentenced him to an aggregate term of four years eight months, including a one-year enhancement for the prior prison term. On appeal, defendant argues his prior prison term enhancement must be stricken because of recent changes to California law.  The People agree, as do we.  We will strike the enhancement, remand for a full resentencing, and otherwise affirm the judgment.

BACKGROUND

The facts underlying defendant's crimes are largely irrelevant to the issues raised on appeal.  In April 2019, defendant pleaded no contest to one count of felony grand theft

1

in case No. 18CF06242.  (Pen. Code, § 487, subd. (a).)[1]  Defendant also admitted he suffered a prior prison term within the meaning of former section 667.5, subdivision (b) arising out of a 2016 conviction for fleeing or attempting to elude a pursuing peace officer, a violation of Vehicle Code section 2800.2.  The trial court confirmed with defendant that his maximum exposure in the case was four years of incarceration.  In exchange for the plea, a second prior prison term allegation arising out of a burglary conviction was dismissed.

Then, in June 2019, in case No. 19CF03576, defendant pleaded no contest to one count of possession for sale of a controlled substance.  (Health & Saf. Code, § 11351.)  The trial court confirmed with defendant that the maximum penalty in that case also was four years of incarceration.  In exchange for the plea, other charges were dismissed.

In July 2019, at a consolidated sentencing hearing, the trial court imposed an aggregate term of four years eight months, consisting of three years (the middle term) for possession for sale of heroin in case No. 19CF03576, and in case No. 18CF06242, consecutive terms of eight months (one-third the middle term) for grand theft and one year for the prior prison term enhancement.

"On October 8, 2019, . . . the Governor signed Senate Bill No. 136 (2019-2020 Reg. Sess.), which amended section 667.5, subdivision (b).  [Citation.]  Under the amendment, the one-year enhancement in section 667.5, subdivision (b) applies only if the defendant's prior prison term was 'for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.'  (Stats. 2019, ch. 590, § 1.)  [¶]  The amendment to section 667.5, subdivision (b) became effective on January 1, 2020.  [Citation.]"  (*People v. Petri* (2020) 45 Cal.App.5th 82, 93-94.)

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

Defendant argues that we should strike the prior prison term enhancement because recent changes to section 667.5 apply to his sentence, which is not yet final. He asks us to "remand . . . with instructions that the one-year enhancement pursuant to section 667.5 be stricken." He maintains that because his two cases "were resolved separately," a ruling striking the prior prison term enhancement in case No. 18CF06242 "should not have any effect on the sentence in" case No. 19CF03576.

The People concede that defendant is entitled to have the enhancement stricken, but argue we should remand to the trial court for resentencing.

We agree with the parties that defendant is entitled to have the prior prison term enhancement stricken. As part of the aggregate four-year eight-month sentence imposed in defendant's two cases, the trial court imposed a one-year term under the prior version of section 667.5, subdivision (b) in connection with defendant's 2016 Vehicle Code conviction. This is not a sexually violent offense within the meaning of section 667.5, subdivision (b), as amended by Senate Bill No. 136.[2]

We further agree with the People that pursuant to the "full resentencing rule" articulated in *People v. Buycks* (2018) 5 Cal.5th 857, 893, we must remand to permit the trial court to resentence defendant.

Although defendant entered separate no contest pleas in his two cases, the matters were consolidated for sentencing. The aggregate sentence imposed cannot be

---

[2] " '[W]hen the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date.' [Citation.] By eliminating the one-year enhancement for prior prison terms that were not imposed for sexually violent offenses, the newly amended section reduces the punishment for such offenses. [¶] Because [defendant's] conviction is not yet final, he is entitled to the retroactive benefit of the change in law." (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)

3

disentangled in the manner urged by defendant. (*People v. Calderon* (1993) 20 Cal.App.4th 82, 88 [because a determinate sentence "is one prison term made up of discrete components," if one component is invalid, "the entire sentence is infected"].) Rather, unless the trial court has imposed the maximum possible sentence, appellate courts generally should remand for resentencing if part of a sentence is stricken on review. (See *People v. Buycks, supra*, 5 Cal.5th at pp. 893, 896 & fn. 15; *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 [striking prior prison term enhancement in light of Senate Bill No. 136 and remanding for resentencing to allow the court to exercise its sentencing discretion in light of the changed circumstances].) Here, the trial court did not impose the maximum possible sentence, hence it is "entitled to reconsider all of its sentencing choices, subject only to the limitation that defendant not be sentenced to a greater aggregate term than the first sentence." (*People v. Savala* (1983) 147 Cal.App.3d 63, 69.) Accordingly, although we will strike the prior prison term enhancement, we will remand for resentencing.

## DISPOSITION

The one-year enhancement imposed pursuant to section 667.5, subdivision (b) is stricken, and the matter is remanded for resentencing. The judgment is affirmed in all other respects. Upon resentencing, the clerk of the superior court shall prepare an amended abstract of judgment and forward a certified copy to the appropriate custodial authority.

                                                                 _____KRAUSE_____, J.


We concur:

_____BLEASE_____, Acting P. J.



_____HOCH_____, J.

4