Filed 8/25/25  P. v. Ruiz CA2/6

Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>FRANK RUIZ,<br><br>  Defendant and Appellant. | 2d Crim. No. B324477<br>(Super. Ct. No. 2014011115)<br>(Ventura County)<br><br>OPINION ON TRANSFER FROM<br>SUPREME COURT |

This is our fourth opinion in this sentencing matter.  In our original opinion (*People v. Ruiz* (Feb. 10, 2020, B291732) [nonpub. opn.] (*Ruiz I*)), we vacated the trial court's unauthorized Penal Code section 654 stay of execution of a 10-year consecutive sentence for a firearm-use enhancement.[1]  (§ 12022.5, subd. (a).)  As a result, appellant's unstayed aggregate sentence was increased from 18 years to 28 years.  Out of fairness to appellant,

---

[1] All statutory references are to the Penal Code.

we directed the trial court to exercise its discretion whether to strike the firearm-use enhancement as well as a five-year enhancement for a prior serious felony conviction. (§ 667, subd. (a)(1).) The trial court refused to strike either enhancement. It resentenced appellant to prison for an aggregate term of 28 years.

A second appeal followed. In *People v. Ruiz* (March 29, 2022, B307717) [nonpub. opn.] (*Ruiz II*), we rejected appellant's claims that (1) the trial court abused its discretion in refusing to strike the prior serious felony conviction and firearm-use enhancements, and (2) the cause must be remanded to the trial court for resentencing in light of Assembly Bill No. 518, which amended section 654 (Stats. 2021, ch. 441). Again out of fairness to appellant, we vacated the sentence and remanded the cause for resentencing in light of Senate Bill No. 567 (S.B. 567), which amended section 1170 (Stats. 2021, ch. 731). (See pp. 6-7, *post*.)

On remand the trial court resentenced appellant to an aggregate term of 23 years, calculated as follows: assault with a firearm (§ 245, subd. (a)(2)) – the upper term of four years, doubled to eight years because of a prior strike; plus the upper term of 10 years for the firearm-use enhancement; plus five years for the serious felony conviction. The court stayed the sentence imposed for a gang enhancement (§ 186.22, subd. (b)(1)).

Appellant again appealed, contending: (1) the true finding on the gang enhancement allegation must be vacated; (2) in selecting the upper term for both the conviction of assault with a firearm and the firearm-use enhancement, the trial court relied on aggravating factors that are inapplicable pursuant to S.B. 567; (3) the matter must be remanded for resentencing because of a recent amendment of section 1385; (4) the aggregate sentence imposed on remand cannot exceed the 18-year aggregate sentence

2

originally imposed; and (5) appellant is entitled to additional days of custody credit.

In a published opinion filed on December 13, 2023 – *People v. Ruiz* (2023) 97 Cal.App.5th 1068 [316 Cal.Rptr.3d 211] (*Ruiz III*) – we accepted the Attorney General's concession that the true finding on the gang enhancement allegation must be vacated. We remanded the matter to the trial court to afford the People an opportunity to retry the allegation. We modified the judgment to award appellant additional days of custody credit. In all other respects, we affirmed.

The California Supreme Court granted appellant's petition for review (S283504). On June 11, 2025, it transferred the matter back to us "with directions to vacate [our] decision and reconsider the cause in light of *People v. Lynch* (2024) 16 Cal.5th 730 [(*Lynch*)]." (*People v. Ruiz* (2025) 569 P.3d 392 [333 Cal.Rptr.3d 24, 25].) The Supreme Court ordered that our 2023 published opinion be "rendered either 'depublished' or 'not citable.'" (*Ibid.*)

We vacate our prior decision filed on December 13, 2023. Based on *Lynch*, the Attorney General concedes that "remand for resentencing . . . is now required." We agree. We reverse the sentence. We accept the Attorney General's concession that the true finding on the gang enhancement allegation must be vacated. We remand the matter to the trial court for a full resentencing and to afford the People an opportunity to retry the gang allegation. In all other respects, we affirm.

*Facts*

The facts are taken from our first unpublished opinion. (*Ruiz I*, *supra*, slip opn. at pp. 3-4.)

3

"One night in October 2013, [R.M. (victim)] and his girlfriend, [J.M], drove to Vons to buy baby supplies. [J.M.] entered the store while [victim] remained by the vehicle in the parking lot. A young, skinny man approached [victim] and asked, '[W]here you from?' [Victim] replied, 'I ain't from nowhere, where you from?' The man said he was from 'Southside' or 'Sur Town.' The man 'tried to sucker punch' [victim] and 'barely misse[d]' him.

"[Victim] chased the man, who was not armed. He heard [his girlfriend] call out that someone had a gun. [Victim] suddenly saw a bigger, older man about 15 feet away and 'could hear him try to cock [the gun], but he couldn't.' [Victim] 'started running.' 'He was zig-zagging in an attempt not to get shot.' He heard one shot fired. The bullet did not strike him.

"[Witness E.W. testified that he had seen] the bigger, older man chase [victim]. The man shot once at [victim]. He 'was definitely trying to hit [him].' 'He was aiming directly at [him].' It was not 'a warning shot.' The shooter and his companions ran to a car, entered it, and drove away 'at a high rate of speed.'

"The shooter was identified as appellant. He was a long-time member of the Sur Town Chiques (Sur Town) criminal street gang. His gang moniker was 'Villain.' The trial court took judicial notice before the jury that in 2002 appellant had been convicted 'of a violent felony for the benefit of the Sur Town criminal street gang against a victim who [was] a documented member of the Colonia Chiques criminal street gang.' [Footnote omitted.] A gang expert opined that appellant was still a member of Sur Town at the time of the October 2013 Vons parking-lot shooting.

4

"The skinny, younger man who threw the punch at [victim] was identified as [J.H.]. A gang expert opined that [J.H.] 'was a Sur Town gang member . . . .'

"A police officer found a spent shell casing in the Vons parking lot. The shell casing had been ejected from the same 9-millimeter pistol that had been used in four other gang shootings.

"In response to the prosecutor's hypothetical question incorporating the facts of the Vons parking-lot shooting, a gang expert opined that it had been committed for the benefit of a criminal street gang."

*Gang Enhancement*

The jury found true an allegation that appellant had committed the assault with a firearm for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). Assembly Bill No. 333 (Stats. 2021, ch. 699) (A.B. 333) "amended section 186.22 to, in various respects, *increase* the evidentiary burden necessary to prove a gang-related crime enhancement." (*People v. Rodriguez* (2022) 75 Cal.App.5th 816, 822.) The amendment applies retroactively to cases not yet final on appeal. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206-1207.)

We accept the Attorney General's concession, which is as follows: "[T]he elements of the newly amended gang enhancement under section 186.22 are not satisfied. Namely, the current record does not establish that the predicate offenses benefitted appellant's gang in a manner that was more than reputational." We vacate the true finding on the gang enhancement and remand the matter "'to give the People the opportunity to prove the applicability of the enhancements under the amendments to section 186.22.'" (*People v. Vasquez* (2022) 74 Cal.App.5th 1021, 1033.)

5

*S.B. 567 Made the Middle Term the Presumptive Term*

S.B. 567 became effective on January 1, 2022. It amended the standards for imposing an upper term sentence. As amended, section 1170, subdivision (b)(1) provides that, when a person is convicted of a public offense, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."

Paragraph (2) provides, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." There is an exception to this rule for prior convictions: "[T]he court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

S.B. 567 also amended section 1170.1, subdivision (d) to mandate a presumptive middle term for enhancements. In *People v. Falcon* (2023) 92 Cal.App.5th 911, 956, disapproved on other grounds in *Lynch, supra*, 16 Cal.5th at pp. 751, 768-769, the court noted that, unlike section 1170, subdivision (b)(3), section 1170.1 contains "*no prior conviction exception* [based on a certified record of conviction] . . . for imposing an upper term on applicable enhancements."

*The Attorney General Concedes that the Trial*
*Court Considered Inapplicable Aggravating Factors*

The trial court said it was imposing the 4-year upper term for the assault with a firearm and the 10-year upper term for the

6

firearm-use enhancement because appellant "poses a serious danger to society." In so concluding, the trial court relied on seven factual findings. In respondent's brief the Attorney General concedes that four of the findings "were not found true beyond a reasonable doubt by the jury, and . . . it cannot be said with certainty that a jury would . . . conclude [they were true] beyond a reasonable doubt." The four findings are: (1) "[appellant] has a predilection for unprovoked, unpredictable violent behavior and a disregard for human life"; (2) "[t]his offense is almost identical in many significant respects to his prior 2002 violent offense, demonstrating a failure to rehabilitate or change his violent behavior"; (3) "[t]he present offense was committed in concert with another person, thereby increasing the danger to the victims and the public"; and (4) "[appellant] has a substantial criminal record dating back to the age of 13."

"[T]o the extent the trial court's imposition of the upper term was based on" the above four findings, conceded by the Attorney General to be inapplicable, "it committed error under Senate Bill 567. That is because, contrary to the dictates of the new law, [appellant] had not stipulated to the facts underlying these [findings], nor were the facts found true beyond a reasonable doubt by a jury or by a judge in a court trial." (*People v. Ross* (2022) 86 Cal.App.5th 1346, 1353, disapproved on other grounds in *People v. Wiley* (2025) 17 Cal.5th 1069, 1086 (*Wiley*); *Lynch, supra,* 16 Ca.5th at pp. 768-769.) Moreover, the fourth finding concerning appellant's criminal record "dating back to the age of 13" was not "based on a certified record of conviction." (§ 1170, subd. (b)(3).)

*Despite Attorney General's Concession, in Ruiz III*
*We Upheld Imposition of Upper Term Sentences*

In respondent's brief the Attorney General "maintains that the trial court properly relied on three of the trial court's seven factual findings because they 'were found true beyond a reasonable doubt by a trier of fact or were supported by a certified record of conviction.'" (*Ruiz III*, *supra*, 316 Cal.Rptr.3d at p. 216.) Based on these three factual findings, in our original opinion we upheld the trial court's imposition of the upper term sentences. We concluded that the court's reliance on the four inapplicable factors was harmless error.

*People v. Lynch Requires that the*
*Matter Be Remanded for Resentencing*

In *Lynch*, *supra*, 16 Cal.5th at p. 768, the Supreme Court stated: "We hold that under the current [version of section 1170, subdivision (b)] a Sixth Amendment [right to jury trial] violation occurs when the trial court relies on unproven aggravating facts [i.e., unproven pursuant to section 1170, subdivision (b)(2),] to impose an upper term sentence, even if some other aggravating facts relied on have been properly established. The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true *all of the aggravating facts* relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, . . . the defendant is entitled to a remand for resentencing." (Italics added.) Prior convictions are the only exception to this rule. (*Id.,* at p. 767 ["the Sixth Amendment jury trial right attaches to every aggravating fact,

8

other than a prior conviction, used to justify imposition of the upper term"].)

Accordingly, we agree with the following statement by the Attorney General in his post-*Lynch* supplemental brief: "At the time of this Court's December 2023 opinion in this case, the issue of what prejudice standard applies on appeal when determining whether a case should be remanded for resentencing in light of the enactment of SB 567 was unsettled. *Lynch* settled the issue, and it no longer can be said in the instant case that the noncompliance with amended Penal Code section 1170, subdivision (b), was harmless. Therefore, remand for resentencing in this regard is now required." (Fn. omitted.)

### *Appellant Is Entitled to a Full Resentencing; This Moots Appellant's Argument Concerning Section 1385*

"The full resentencing rule . . . dictates that 'when part of a sentence is stricken on review, on remand for resentencing "a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances."' [Citations.] . . . A full resentencing may involve the trial court's revisiting such decisions as the selection of a principal term, whether to stay a sentence, whether to impose an upper, middle, or lower term, and whether to impose concurrent or consecutive sentences." (*People v. Jones* (2022) 79 Cal.App.5th 37, 45-46; see also *People v. Calderon* (1993) 20 Cal.App.4th 82, 88 ["A determinate sentence is one prison term made up of discrete components. When one of them is invalid, the entire sentence is infected"].)

At the full resentencing hearing, appellant may request that the trial court reconsider its previous refusal to dismiss the firearm and prior serious felony enhancements pursuant to

section 1385. This moots appellant's contention that the matter must be remanded for resentencing so the trial court can consider new mitigating factors in determining whether the enhancements should be dismissed in furtherance of justice.[2] (See *People v. Gaines* (2023) 93 Cal.App.5th 91, 142, fn. 33; *People v. Buycks* (2018) 5 Cal.5th 857, 893-895; *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

*Proceedings on Remand*

"Further proceedings on remand are to be conducted in accordance with the current statutory requirements and [appellant] given the opportunity for [a] jury trial" as to any aggravating facts for which a jury trial is required pursuant to section 1170, subdivision (b). (*Lynch, supra*, 16 Cal.5th at pp. 777.) The trial court "may rely on any properly proven aggravating facts, including prior convictions or facts necessarily found by the jury to support a verdict on underlying counts and enhancements. The court retains its discretion to impose an upper term sentence if it concludes that one or more properly proved circumstances justify such a sentence. (§ 1170(b)(2).) If it cannot so conclude, it may impose no more than a middle term for each of the counts on which [appellant] stands convicted. (*Id.*, subd. (b)(1).)" (*Id.* at pp. 777-778.) Appellant's resentencing

---

[2] "Effective January 1, 2022, Senate Bill No. 81 (Stats. 2021, ch. 721, § 1) amended section 1385 to add specific mitigating factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (§ 1385, subd. (c) . . . .)" (*People v. Burke* (2023) 89 Cal.App.5th 237, 242-243.)

10

shall comply with the new requirements for imposing an upper term punishment based on the increasing seriousness of a defendant's prior convictions or his unsatisfactory performance on probation. (*Wiley*, *supra*, 17 Cal.5th at pp. 1082-1084.)

*Appellant's Sentence on Remand May*
*Lawfully Exceed the Sentence Originally Imposed*

The trial court originally imposed an aggregate sentence of 28 years, but erroneously stayed a consecutive 10-year upper term for the firearm-use enhancement pursuant to section 654. Therefore, appellant's unstayed aggregate sentence was reduced to 18 years. (*Ruiz I*, *supra*, slip opn. at pp. 16-20.) In *Ruiz I* we corrected the error "under the unauthorized sentence concept." (*Id*. at p. 18.) We increased appellant's unstayed aggregate sentence from 18 years to 28 years.

Appellant contends that "because [at the original sentencing] the court could have reached the same total [an unstayed aggregate sentence of 18 years] in an authorized manner" by striking the firearm-use enhancement, "the resentencing court was limited to the total of the original [18-year unstayed aggregate] sentence on remand." Thus, "remand is required with instructions for the trial court to impose a term totaling 18 years or less."

We disagree. "Under the general rule of state constitutional law that the California Supreme Court has referred to as the *Henderson* rule, '[w]*hen a defendant successfully appeals a criminal conviction,* California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing.'" (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 431.) "However, in

11

*People v. Serrato* (1973) 9 Cal.3d 753, 764 . . . , disapproved on another point in *People v. Fosselman* (1983) 33 Cal.3d 572, 583 . . . , the California Supreme Court 'set out an exception to this general [*Henderson*] rule.' [Citation.]  In *Serrato* . . . the Supreme Court explained that '[t]he rule is otherwise when a trial court pronounces an *unauthorized sentence*.  Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, *even though it is more severe than the original unauthorized pronouncement.'*" (*Id.* at pp. 431-432.)  "[T]he fact that the trial court at the original sentencing *theoretically* could have imposed an [authorized sentence that was the same length as the unauthorized sentence] does not mean that the . . . sentence the court *actually* imposed at the original sentencing was an authorized sentence." (*Id.* at p. 438.)[3]

---

[3] After this appeal had been taken under submission, we received a letter from appellant informing us of a newly filed opinion, *People v. Trammel* (2023) 97 Cal.App.5th 415.  Appellant contends *Trammel* "is relevant to whether [his] sentence on appeal can exceed his original sentence."  *Trammel* is contrary to appellant's position.  In *Trammel* the question was "whether an erroneous sentence under section 654 which improperly *inflated* Trammel's aggregate sentence falls within the *Serrato* exception, thus allowing a harsher sentence on remand." (*Id.*, at p. 434.) The Court of Appeal held that such a sentence does not fall within the exception. (*Id.*, at 434-435.)  "[T]he *Serrato* exception only applies to unauthorized sentences which were unlawfully lenient to the detriment of the People." (*Id.*, at p. 435.)  Here, the trial court's erroneous original sentence under section 654 was unlawfully lenient.  It *reduced* appellant's aggregate unstayed sentence by 10 years.  Therefore, the *Serrato* exception applies.

*Appellant's Custody Credits*

Appellant asserts: "If this case is remanded for Resentencing, then appellant is entitled to additional custody credit for the time he is in custody before his third resentencing." Appellant is correct. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 29-30, 37, 40-41.)

*Disposition*

Our prior decision filed on December 13, 2023, is vacated. The true finding on the gang enhancement (§ 186.22, subd. (b)(1)) is reversed. The matter is remanded to the trial court with directions to afford the People an opportunity to retry the enhancement and meet its burden of proof pursuant to A.B. 333's new requirements. The sentence is vacated and the matter is remanded to the trial court for resentencing consistent with the views expressed in this opinion. Nothing we have said in this opinion should be construed as suggesting how the trial court should exercise its resentencing discretion.

In all other respects, the judgment is affirmed. After resentencing, the trial court shall prepare a new abstract of judgment and transmit a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

13

David R. Worley, Judge

Superior Court County of Ventura

_____

Richard Lennon and Jennifer Peabody, Executive Directors, Cheryl Lutz and Sydney Banach, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Attorney General, Julie A. Harris, Stephanie C. Santoro, and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.