Filed 3/19/25  P. v. Meheula CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>RANDY KIMO MEHEULA,<br><br>　　Defendant and Appellant. | D082601<br><br><br>(Super. Ct. No. SCD294410 ) |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Randy Kimo Meheula of 16 counts of committing a lewd act upon a child 14 or 15 years of age (Pen. Code,[1] § 288, subd. (c)(1); counts 1–5, 8, 11, 13–21).[2] After a separate bench trial, the court found true the alleged aggravating factor.

The court sentenced Meheula to 12 years in prison, consisting of the middle term of two years on count 1 and eight months (one-third the middle term) for each of the remaining counts to run consecutively to count 1.

Meheula appeals, contending that the matter must be remanded for resentencing because the trial court was not aware of its discretion to sentence him to concurrent terms and substantial evidence does not exist to support the trial court's conclusion that each count occurred on separate occasions or constituted separate acts. We are not persuaded. We therefore affirm the judgment.

## FACTUAL BACKGROUND[3]

In 1998, when she was 13 years old, Jane Doe moved into the house next door to Meheula's home. Doe became close with Meheula and his family, eventually thinking of them like a second family. While she was still 13, Doe began babysitting for Meheula's family. Meheula began molesting Doe when she was 14 years old.

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

[2]    The jury hung as to the remaining counts, and the trial court declared a mistrial as to counts 6, 7, 9, 10, and 12.

[3]    The briefs in the instant matter embrace a more robust discussion of the testimony adduced at trial, including propensity evidence under Evidence Code section 1108, the testimony of a fresh complaint witness, and the testimony of an investigating detective. Because Meheula does not raise a substantial evidence challenge to the jury's verdict, we provide a limited factual background consisting of the charged crimes against Meheula to provide some context to the court's sentencing decision.

On one occasion after Doe had babysat Meheula's daughters, she stayed at Meheula's house to watch television with him. While watching television, Meheula asked Doe if she ever watched pornography before, suggesting that Doe should return to his house on another evening after everyone had gone to bed.

Later that same week, Doe went over to Meheula's house after everyone had gone to sleep. Before going next door, Doe shaved her legs and vaginal area and put on an outfit that included a skirt and no underwear because it was implied that something sexual was going to happen. When she arrived, she entered Meheula's office through two double doors that led directly inside. The lights were off, but the room was dimly lit by Meheula's computer screen on which he was watching pornography. Meheula began touching Doe's breasts and vaginal area, commenting on the fact that she had shaved before he penetrated her vagina with his fingers. At some point, Meheula left the office to retrieve a condom from the nearby laundry room. After he returned to his chair, Meheula instructed Doe to come closer and then to sit on his lap. When she got on his lap, Meheula penetrated her vagina with his penis causing Doe to bleed a lot. After Meheula ejaculated, he gave Doe a towel to clean up and she returned home. Throughout the encounter, Meheula repeatedly warned Doe that if she told anyone, he would call her a liar.

About two weeks later, Doe returned to Meheula's office where he digitally penetrated her and had intercourse with her again. Doe recalled that intercourse happened in the office, in addition to the two specific times, at least ten other times. Doe recalled that digital penetration in the office happened at least ten times and noted that it occurred almost every time there was intercourse. Doe recalled that she performed oral sex on Meheula

at least five times in the office. Doe and Meheula would have sex in Meheula's office an average of two times a month while she lived next door to him.

When Doe was 15 years old, she moved out of the house next to Meheula's but would still see him and his family several times a week. In the visits after she moved, Meheula would drive Doe to and from his house for babysitting. On the drives home from babysitting, Meheula would park on a side street and Doe would perform oral sex on him in the front seat, they would have intercourse in the backseat, and Meheula would digitally penetrate Doe in the car. Doe recalled that intercourse happened five to ten times in the car, digital penetration happened at least five times in the car, and oral sex happened at least three times in the car.

DISCUSSION

A. Meheula's Contentions

Meheula argues this matter must be remanded for resentencing because the trial did not understand it had discretion to impose concurrent terms. In addition, he asserts that substantial evidence does not support the trial court's conclusion that each count occurred on separate occasions or were separate acts. We are not persuaded. As we explain *post*, the record indicates that the trial court was aware it had discretion to sentence Meheula to concurrent sentences but elected not to do so. In addition, when the court was explaining Meheula's sentence and that consecutive sentences were appropriate, Meheula did not object or otherwise ask the court to provide further clarification of his sentence. Moreover, we reject Meheula's alternative argument that the court's findings justifying consecutive sentences was not supported by substantial evidence. Accordingly, we conclude that Meheula forfeited his objection to his sentence.

4

B. Background

A probation report was filed, which included an analysis of the factors under California Rules of Court, rule 4.425.[4] The probation report recommended consecutive sentences because "the crimes involved separate acts upon the victim or occurred on a separate occasion. In addition, it was believed [Meheula] had an opportunity to reflect between each act yet continued to molest the victim . . . ."

Before sentencing, the prosecution filed a sentencing memorandum advocating for, among other things, imposition of a 13-year sentence, which would necessarily include consecutive sentences. Meheula filed a "statement in mitigation and in support of probation" wherein he argued that concurrent sentencing was appropriate under the factors in rule 4.425. Meheula's statement in mitigation ended with an explicit request that the trial court exercise its discretion to impose the least amount of prison time possible by running the subordinate counts concurrently.

At the hearing, the prosecution argued that consecutive sentences were warranted because there was minimal mitigation, there was an aggravating factor found true, and the jury was asked to consider separate sex acts under each count of section 288. To this end, the prosecutor asserted:

> "The same victim, same occasion analysis is if the Court can run a sentence full strength consecutive or one-third the mid term. That analysis does not apply in this case.
>
> "In this case, Your Honor, these are separate sex acts, and I do understand counsel's argument of it occurred on the same occasion. They are not [section] 654 and should not be sentenced separately. The jury was asked to make

---

4 All further references to rule or rules are to the California Rules of Court.

5

findings on very specific sex crimes[, and they] have separate elements that I must prove.

"The Court—jury was given an instruction for lewd and lascivious conduct, but they also must make a finding on the specific sex act. Sexual penetration has completely different elements that must be proven besides oral copulation and vaginal sex. So to say because they happened on the same occasion[,] he shouldn't be punished for all of those crimes absolutely does not apply.

"The jury made findings to each and individual sexual assault charges that occurred. And they were even listed separately within the charging document. This was not an issue where the defense was not on notice or the jury, they were alleged to be first time, middle time, last time. They were all separate and distinct sex acts. So the same victim, separate occasion analysis is simply not appropriate per the law in this particular case given the facts and the charges before the Court."

After arguing that probation should be granted, Meheula's trial counsel argued that "it is well within the Court's discretion to run subordinate terms [concurrently]." Moreover, defense counsel asserted that the considerations under section 654 are distinct from the trial court's discretion to run the sentences on counts concurrently rather than consecutively. Further, counsel reminded the court, multiple times, that it had discretion to run Meheula's sentence concurrently.

After considering the arguments of counsel, the trial court sentenced Meheula to the middle term of two years on count 1 and one-third the middle term of eight months on each of the remaining counts, for a total of 12 years. The trial court started by acknowledging Meheula's duality: on the one hand he was a law-abiding member of the community and on the other he was a predator who groomed two young women and abused a position of trust. The court stated that it had considered various sentences, including probation

6

and two years, which would necessarily have required the court to run Meheula's terms concurrently. The court concluded that, despite those less severe options, Meheula needed to be punished for what he did to Doe 25 years ago.

After pronouncement of the 12 year sentence, the trial court summarized as follows: "And for the record, the reason I am imposing that 12-year term, these are separate acts . . . that the jury has made separate finding for these acts. Therefore, a separate penalty is appropriate. There is no [section] 654 problem here."

Meheula's trial counsel made no additional argument; he did not object to the trial court's stated reasons or ask for further explanation.

## C. Analysis

Section 669 states the general rule that when a person is convicted of two or more crimes, the sentences "shall run concurrently or consecutively." The trial court has discretion to decide whether to impose concurrent or consecutive sentences. (*People v. Morales* (1967) 252 Cal.App.2d 537, 547.)

Rule 4.425 sets forth some of the factors used in determining whether to impose consecutive or concurrent sentences. These include, among others, whether the crimes and their objectives were predominantly independent of each other, whether they involved separate acts of violence or threats of violence, and whether the crimes were committed at different times and or places. (§ 1170, subd. (b); Rule 4.425(b)(1).)

Meheula's first argument is that we must remand this matter for resentencing because the trial court was not aware it had the discretion to impose concurrent sentences. We are not persuaded.

A trial court must exercise "informed discretion" when sentencing a defendant. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) However,

7

" '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.' " (*People v. Superior Court (Alvarez*) (1997) 14 Cal.4th 968, 977, citing *People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.)  The burden is placed on the appellant because a reviewing court presumes that the trial court understood its full sentencing discretion under the law, unless the record establishes otherwise. (See *People v. Thomas* (2011) 52 Cal.4th 336, 361 ["In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law' "]; *Corenevsky v. Superior Court* (1984) 36 Cal.3d 307, 321 ["An order is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown"].)

Here, the record does not suggest that the trial court was unaware it had the discretion to impose concurrent sentences.  In fact, the trial court stated at the sentencing hearing that it considered imposing a two year sentence, which would have required the court to run the sentences concurrently.  If the trial court had believed, as Meheula now suggests, that consecutive punishment was mandatory, the trial court would not have mentioned that it considered a two year sentence.

Additionally, the trial court stated that it was using the factors in aggravation to justify the consecutive terms; thus, it would be unfair to Meheula to also use the aggravating factors to impose the upper term: "[I]n fairness to the defendant, I am taking into consideration his violation of trust, the emotional impact on the victims, their vulnerability . . . for all of the entire sentence that I don't think it would be fair to him to use those factors to aggravate to the upper term."  The court's recognition that it would be unfair (and improper) to make a dual use of the aggravating factors to

8

impose the upper term along with a consecutive sentence shows that the court understood it had discretion to impose concurrent or consecutive terms but chose the latter based on the aggravating factors. (See *People v. Scott* (1994) 9 Cal.4th 331, 350, fn. 12 (*Scott*) [finding that the trial court could not use the same fact to impose both the upper term and consecutive punishment].) The trial court's reference to the potential "dual use" issue underscores that it understood it had discretion as to concurrent versus consecutive sentences that required justification beyond the analysis under section 654. In addition, the comments appear to be a tacit reference to rule 4.425. (See Rule 4.425(b)(1) [an aggravating factor cannot be used to both justify the upper term and justify imposition of a consecutive sentence].)

Our conclusion that the trial court realized that it had discretion to sentence Meheula to concurrent terms is buttressed by the arguments of both the prosecution and Meheula's trial counsel below. Each party specifically addressed whether the court should sentence Meheula to consecutive or concurrent terms. At no time during those arguments did anyone claim that the court lacked the discretion to sentence Meheula to concurrent sentences. Moreover, the court, in considering these arguments, never indicated that it did not have discretion to impose concurrent sentences on Meheula. Accordingly, we would have to all but ignore the record before us to even entertain the argument that the trial court did not realize the extent of its discretion in sentencing Meheula to concurrent or consecutive sentences. Thus, we conclude the court did not abuse its discretion in sentencing Meheula to consecutive terms.

Next, Meheula claims error because the trial court did not provide adequate reasons for imposing consecutive sentences. However, he failed to object on this ground below, forfeiting the claim.

In *Scott*, our high court explained, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Scott, supra*, 9 Cal.4th at p. 356.) "[C]laims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" are subject to forfeiture, including "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or to give a sufficient number of valid reasons." (*Id.* at p. 353; *People v. Anderson* (2023) 88 Cal.App.5th 233, 242 (*Anderson*) [defendant's argument that trial court failed to articulate reasons for upper term forfeited for failure to object]; *People v. Sperling* (2017) 12 Cal.App.5th 1094, 1100–1102 (*Sperling*) [defendant forfeited dual use issue, among other sentencing claims, for failure to object].)

Thus, by failing to object to the court's alleged lack of reasons for imposing consecutive sentences, Meheula forfeited that claim of error on appeal.[5] (*Scott, supra*, 9 Cal.4th at pp. 353, 356; *Anderson, supra*, 88 Cal.App.5th at p. 242.)

---

[5] In his reply brief, for the first time, Meheula argues that if we find forfeiture then he received ineffective assistance of counsel. Generally, we do not address issues raised the first time in a reply brief without good cause. (*People v. Mickel* (2016) 2 Cal.5th 181, 197.) We thus decline to address this issue here. Moreover, we are guided by the principle that, except in those rare instances where there is no conceivable tactical purpose for counsel's actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.) This is particularly true where the alleged incompetence stems from counsel's failure to object. "[D]eciding whether to object is inherently tactical, and the failure to object will rarely establish ineffective assistance." (*People v. Hillhouse* (2002) 27 Cal.4th 469, 502.) Additionally, for any claim of ineffective assistance of counsel, an appellant must show that he or she

Finally, in the alternative, Meheula argues that insufficient evidence supported the trial court's conclusion the offenses occurred on separate occasions or were separate acts. In this sense, Meheula appears to be arguing that substantial evidence does not support a determination that consecutive sentences are warranted under rule 4.425(a)(1)[6] or rule 4.425(a)(3).[7]

However, as the People note, although Meheula ostensibly claims no evidence supports the trial court's conclusion that each offense was a separate act, Meheula includes no argument, citation to the record, or legal authority supporting that position. Rather, his substantive arguments are aimed solely at the claim that substantial evidence does not support the court's conclusion that the offenses occurred on separate occasions. Consequently, he has waived his claim that substantial evidence does not support a finding that the offenses constituted separate acts. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793; *In re A.C.* (2017) 13 Cal.App.5th 661, 672–673.) Thus, the only argument before us is Meheula's contention that substantial evidence does not support a finding that the offenses occurred on separate occasions.

---

was prejudiced by his or her counsel's action (or lack of action). (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 692.) Based on the record before us, we are not persuaded that Meheula was prejudiced by his counsel's failure to object or failure to request further explanation from the court regarding Meheula's sentence.

[6] Rule 4.425(a)(1) provides: "The crimes and their objectives were predominately independent of each other."

[7] Rule 4.425(a)(3) states: "The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior."

"The criteria applicable to the trial court's discretion are set forth in . . . rule 4.425, which states that in imposing consecutive sentences a trial court may consider: (1) whether the 'crimes and their objectives were predominately independent of each other'; (2) whether the 'crimes involved separate acts of violence or threats of violence'; and (3) whether the 'crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.' " (*People v. Caesar* (2008) 167 Cal.App.4th 1050, 1060, fn. omitted.)

In addition to the factors laid out in rule 4.425(a), rule 4.425(b) provides that the trial court may rely on, "any circumstances in aggravation or mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial . . . in deciding whether to impose consecutive rather than concurrent sentences." (Rule 4.425(b).) Reliance on any one aggravating factor, or any criterion from rule 4.425(a), is sufficient to justify imposition of consecutive punishment. (*People v. Davis* (1995) 10 Cal.4th 463, 552 ["Only one criterion or factor in aggravation is necessary to support a consecutive sentence"].)

Therefore, rule 4.425 acts as a guideline for the trial court and not a requirement: "[f]actors affecting the decision to impose consecutive rather than concurrent sentences include . . . ." (Rule 4.425; see *People v. Calderon* (1993) 20 Cal.App.4th 82, 86–87 ["[the factors in rule 4.425] are guidelines, not rigid rules courts are bound to apply in every case"].)

Moreover, rule 4.408(a) provides: "The listing of factors in these rules for making discretionary sentencing decisions is not exhaustive and does not prohibit a trial judge from using additional criteria reasonably related to the

12

decision being made. Any such additional criteria must be stated on the record by the sentencing judge."

Here, Meheula's alternative argument relies on his assertion that the trial court imposed consecutive punishment based on a finding that rule 4.425(a)(3) applied and each count occurred at separate times or in separate places. The record does not support Meheula's assertion.

Below, the trial court found true that for each count Meheula had abused a position of trust and confidence to commit the crime within the meaning of rule 4.421(a)(11) as charged in the information. The court also found that Doe was particularly vulnerable, Meheula had no remorse, and Meheula's crimes had caused lasting emotional harm to his victim. Therefore, it appears, based on the record before us, that the trial court grounded its sentencing decision on those factors. Indeed, the court made clear that he was not using those factors to impose an upper term. Thus, it logically follows that, in not relying on those factors to justify an upper term, the court mentioned them to justify the imposition of consecutive prison terms. Our conclusion is further buoyed by the fact that the trial court was permitted to rely on the aggravating factors to justify imposing consecutive punishment because it did not rely on the aggravating factors to select the upper term. (See *Sperling, supra,* 12 Cal.App.5th at p. 1104 ["The trial court imposed the middle term—not the upper term—on count 1. Thus, in determining whether to impose consecutive sentences, the trial court could have considered the same aggravating factors it had considered in deciding to impose the middle term"].)

Meheula's substantial evidence argument is primarily based on an isolated reading of the statement made by the trial court after it announced the sentence, "the reasons I am imposing that 12-year term, these are

13

separate acts . . . that the jury has made a separate finding for these acts. Therefore, a separate penalty is appropriate.  There is no [section] 654 problem here."

Yet, reviewing the trial court's statement in context, the record supports a conclusion that the court relied on the aggravating factors to impose consecutive punishment and its mention of section 654 was intended to explain why it believed it possessed discretion to do so.  Additionally, the trial court's statement that the crimes were "separate acts" appears to be a reference to rule 4.425(a)(1) and not rule 4.425(a)(3).

Moreover, the court's reliance on rule 4.425(a)(1) was proper.  As Meheula correctly concedes, each count was a separate sex act, thus multiple punishments were permitted under section 654.  (See *Scott, supra*, 9 Cal.4th at p. 344, fn. 6 ["[M]ultple sex acts committed on a single occasion can result in multiple statutory violations.  Such offenses are generally 'divisible' from one another under section 654, and separate punishment is usually allowed"].)

As the People acknowledge, however, the analysis under section 654 is distinct from a trial court's decision whether to impose consecutive punishment under rule 4.425.  Nonetheless, our Supreme Court's analysis of sex offenses under section 654 is helpful here.  (*People v. Deloza* (1998) 18 Cal.4th 585, 594 ["Thus, the question of whether sentences should be concurrent or consecutive is separate from the question of whether section 654 prohibits multiple punishment"].)

For example, in *Harrison*, our high court refused to expand section 654's single intent test to multiple individual sex acts because a " 'defendant who attempts to achieve gratification by committing a number of base criminal acts on his victim is substantially more culpable than a

14

defendant who commits only one such act.' " (*People v. Harrison* (1989) 48 Cal.3d 321, 336.) Accordingly, the California Supreme Court found multiple punishments proper despite section 654 even where multiple sex offenses occurred on the same occasion, closely in time, and were committed with the same general objective of sexual gratification. (See *id*. at pp. 334–337.) Similarly, under rule 4.425(a)(1), the trial court may consider whether "the crimes and their objectives were predominantly independent of each other," when exercising its discretion to impose consecutive punishment.

In the instant action, none of the sex acts committed by Meheula on any occasion were incidental to another; each was distinct from the other, and each had a distinct objective (to satisfy Meheula's prurient desires via each specific sex act). (See *People v. Perez* (1979) 23 Cal.3d 545, 552 ["Assertion of a sole intent and objective to achieve sexual gratification is akin to an assertion of a desire for wealth as the sole intent and objective in committing a series of separate thefts"].) Where, as here, the trial court implicitly referenced rule 4.425(a)(1) when it noted that the crimes were "separate acts," it is reasonable to conclude that the trial court believed each sexual offense was independent of the other and each was motivated by Meheula's desire to achieve sexual gratification via each sexual act. This is consistent with what the jury found in convicting Meheula of 16 separate sex acts. It was, therefore, proper for the trial court to exercise its discretion to impose consecutive punishment for each count because Meheula was more culpable than an offender who committed only one sex offense against a victim. We therefore conclude Meheula's claim of error is without merit.

## DISPOSITION

The judgment is affirmed.


                                                    HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


RUBIN, J.