Filed 9/17/25  P. v. Blanton CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>JEFFREY BLANTON,<br><br>        Defendant and Appellant. | A169874<br><br>(Lake County<br>Super. Ct. Nos. CR965674;<br>CR960568; CR960829A;<br>CR962157A) |

Defendant Jeffrey Blanton appeals from the sentence imposed after he pleaded no contest in a criminal case and admitted violation of probation in three other criminal cases.  Blanton raises several claims of trial court error and ineffective assistance of counsel in his sentencing.  He contends (1) the trial court erred in sentencing him to consecutive terms; (2) defense counsel's failure to object to three of the four aggravating circumstances found by the trial court was prejudicially ineffective; (3) the trial court erred in failing to find drug addiction was a mitigating circumstance, or, alternatively, defense counsel provided ineffective assistance in failing to argue that Blanton's drug addiction was a mitigating circumstance; and (4) defense counsel's failure to point out that all of Blanton's offenses are not violent felonies—a mitigating circumstance under Penal Code section 1385, subdivision (c)(2)(F) that

1

affected the application of a two year on-bail enhancement—warrants remand.

We conclude the trial court did not abuse its discretion in ordering consecutive terms, but we will remand to allow the trial court to consider whether to dismiss the on-bail enhancement pursuant to Penal Code section 1385, subdivision (c)(2)(F), in the first instance. On remand, Blanton may raise any additional sentencing issues he believes apply in his case.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Criminal Cases Arising from Three Incidents in 2021 (Probation Cases)*

In 2021, Blanton was charged in three separate criminal matters.

<u>Case No. CR960829A</u>: On June 7, 2021, the Lake County District Attorney filed a criminal complaint charging Blanton with various offenses related to possession and transportation for sale of cocaine and oxycodone alleged to have occurred June 3, 2021. According to a Lake County Sheriff's Office report, a deputy observed Blanton sitting in the driver's seat of a car parked on the shoulder of the highway. He appeared to be under the influence of a controlled substance and was behaving erratically. The deputy searched the car and found $7,729 in cash, prescription medication, an Apple iPad, five cell phones, a cocaine pipe, a magnetic box with cocaine, an unknown substance, and 42 oxycodone pills.

<u>Case No. CR960568</u>: On June 25, 2021, a criminal complaint was filed charging Blanton with various offenses related to possession of a loaded firearm and possession and transportation for sale of methamphetamine, heroin, cocaine, and oxycodone alleged to have occurred April 9, 2021. According to a sheriff's report, during a traffic stop, a deputy observed a methamphetamine water pipe in the backseat of Blanton's car. A search of the vehicle uncovered a handgun loaded with seven cartridges, a clear plastic

bag of heroin, and, in individually packaged bags, 98 oxycodone pills, cocaine, methamphetamine, heroin, and an unknown substance.

Case No. CR962157A: On December 1, 2021, another criminal complaint was filed against Blanton. This case related to possession of a loaded firearm with altered or removed firearm identification marks and possession for sale of methamphetamine, heroin, and cocaine alleged to have occurred on November 29, 2021, while Blanton was released from custody on bail in case No. CR960829A. It was reported that deputies were dispatched to a residence in Lake County on a report of a possible trespasser. Deputies searched the residence and found plastic bags of heroin, methamphetamine, and cocaine. Defendant was present and was placed in handcuffs. A deputy also found a loaded handgun with marks on the serial number, a large quantity of methamphetamine, and a large quantity of cartridges.

*Plea Agreement and Grant of Probation for 2021 Offenses*

On January 12, 2022, the parties reached a negotiated disposition for all three cases under which Blanton pleaded no contest to five felony offenses. The terms of the plea agreements included a stipulation for 24 months of probation with up to 364 days in county jail and a maximum aggregate sentence totaling nine years, four months.

In case No. CR962157A, Blanton pleaded no contest to one count of felony possession of certain controlled substances while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1) and one count of felony possession for sale of methamphetamine (*id*., § 11378), and he admitted the on-bail special allegation (Pen. Code,[1] § 12022.1). In case No. CR960829A, Blanton pleaded no contest to one count of felony possession for sale of cocaine (Health & Saf. Code, § 11351). In case No. CR960568, Blanton

---

[1] Further undesignated statutory references are to the Penal Code.

3

entered no contest pleas to one count of felony possession of methamphetamine while armed with a loaded, operable firearm (*id.*, § 11370.1) and one count of felony possession for sale of methamphetamine (*id.*, § 11378).

The trial court found the police reports provided factual bases for the pleas and accepted the pleas. The remaining counts were dismissed on the prosecutor's motion.

On February 7, 2022, the trial court granted Blanton probation pursuant to the plea agreement. The court found Blanton had "a demonstrated history of substance abuse," and "[t]he offenses for which he was convicted are drug related." The court suspended sentence in the three cases, ordered Blanton to serve 364 days in jail with 142 days credit, and placed him on two years of formal probation.

Blanton was released from custody on May 27, 2022.

*Criminal Case No. CR965674 (Current Case)*

On December 14, 2022, the district attorney filed a petition for revocation of probation in the three probation cases based on allegations Blanton violated Health and Safety Code sections 11378 and 11379 on December 13, 2022.

On April 25, 2023, the district attorney filed a consolidated information charging Blanton with offenses alleged to have occurred on December 13 and 16, 2022. Blanton was charged with two counts of felony possession for sale of methamphetamine (Health & Saf. Code, § 11378; counts 1 and 3); one count of felony transportation for sale of methamphetamine (*id.*, § 11379, subd. (a); count 2); one count of felony possession for sale of fentanyl (*id.*, § 11351; count 4); one count of felony unlawful possession of a firearm by a

4

felon (§ 29800, subd. (a); count 5); and one count of unlawful possession of ammunition (*id*., § 30305, subd. (a)).

It was alleged that Blanton committed the offenses of counts 3 through 6 while released from custody on bail in the case arising from the offenses alleged to have occurred December 13, 2022, and in the three probation cases.

*Plea Agreement*

On August 23, 2023, the parties reached a negotiated disposition under which Blanton agreed to plead no contest to count 5 (felon in possession of a firearm) with a maximum term of three years to be served concurrently with any sentence imposed in the three probation cases. Blanton further agreed to "enter open admission[s] in [the] pending VOPs" (violations of probation). In exchange, the remaining charges would be dismissed.

At the hearing at which he entered his plea, Blanton confirmed he understood he could be sentenced to up to nine years in custody. The prosecutor stated the factual basis for the plea was that on December 16, 2022, a deputy searched Blanton's residence; in a shed, the deputy found men's clothing and documents with Blanton's name on them and an operable Winchester pump action 12-gauge shotgun. The trial court found a factual basis for the plea and accepted Blanton's plea. It found Blanton in violation of probation in his three probation cases (Nos. CR960568, CR960829A, and CR962157A).

*Sentencing*

The probation officer's report recommended that probation be denied in the current case (No. CR965674) and that Blanton receive the middle term[2] of

---

[2] The probation report identified various circumstances in aggravation and no circumstances in mitigation for purposes of determining whether to impose the middle or lower term pursuant to section 1170.

5

two years to be served concurrently with the sentence in the other matters as specified in the plea agreement. The report stated, however, that consecutive sentencing "appears to be appropriate" under the considerations of California Rules of Court,[3] rule 4.425 and recommended an aggregate sentence of six years, four months for the three probation cases.[4]

Blanton reported to probation that he started using methamphetamine when he was 17 years old, he stopped when he was about 20, and he began using methamphetamine again "approximately four years ago and uses it 'off and on.' " Blanton said he was not a risk to public safety because his crimes were drug-related and the weapons offenses were not a risk to the community.

The probation report documented Blanton's criminal history of misdemeanor offenses (possessing burglary tools, possessing a dangerous weapon, battery, driving under the influence, assault with a deadly weapon other than a firearm) committed from 2006 to 2009. Blanton, who was born in 1988, had no further criminal convictions until his felony offenses on April 9, 2021 (in case No. CR960568). In addition to the current case and three probation cases, Blanton had a pending charge of misdemeanor battery alleged to have occurred December 28, 2022, and a pending felony charge of possession of methamphetamine for sale alleged to have occurred September 3, 2023.

Defense counsel filed a statement in mitigation. Counsel wrote, "It seems clear that, given his history over the last few years, Mr. Blanton is a

---

[3] Further references to rules are to the California Rules of Court.

[4] The probation report failed to take into account the on-bail enhancement in case No. CR962157A. That is, it neither recommended imposing the two-year term for the enhancement nor suggested the enhancement should be dismissed in the interest of justice.

drug addict." Counsel noted, "Drug abuse and addiction can be a mitigating factor in other criminal justice contexts," and Blanton "has shown the ability to abstain from illegal drugs, even apparently with little or no formal treatment, for extended periods." Counsel reported that Blanton's mother, siblings and two children lived nearby and asserted, "The presence of his children and other close family members in his life can serve a powerful motivator for Mr. Blanton to get his act together." Noting Blanton had no "prison priors nor convictions of violent felony offenses," counsel argued this was an unusual case such that Blanton should receive probation despite presumptive ineligibility.[5]

Defense counsel next claimed (without citation to legal authority), "Concurrent sentences are usually handed down when multiple criminal offense are committed at once or when someone is charged for multiple counts of the same crime," and requested, if probation is denied, "that the court give consideration to the nexus any of the above-referenced cases have to each other and deem some or all to be eligible for concurrent time." The statement in mitigation did not ask the court to dismiss the on-bail enhancement pursuant to section 1385.

At the sentencing hearing on January 9, 2024, the prosecutor agreed with the probation report but noted there was also an on-bail enhancement, "So the aggregate term should be eight."

Defense counsel argued: "What happened is [Blanton]—after a long period of abstinence of using any drugs, he fell off the wagon somewhere along the way and picked up a flurry of cases. A couple of them were a

---

[5] Blanton is presumptively ineligible for probation because he was previously convicted of more than one felony (he has five felony convictions in his three probation cases). (§ 1203, subd. (e)(4).)

matter of months apart. And so they resulted in 2022 sentencing. And there was several—several pleas at that time. But he did have a long period of employment. He had a long period of remaining free from criminal endeavors." Counsel stated that Blanton "would do well on probation" because he had family in the area.

Defense counsel continued: "In the alternative, if the Court doesn't agree that he's a candidate for probation given that scenario, then we would request that the Court consider making something concurrent . . . . So we would first request that the Court give great weight to probation and program and whatever is appropriate; and secondly, in the alternative, that the Court make some of the sentencing concurrent.

"And I might add that I think the People were willing to not allege the two-year out-on-bail enhancement and what provoked that was in the last appearance or so not pulling the trigger and balking because of his confusion as to what was going on. That's all it was. And so—we would request some relief by the Court if the Court doesn't see fit to grant probation."

The trial court denied Blanton probation in the current case, finding this was not an unusual case. In considering whether the middle or lower term was appropriate, the court found circumstances in aggravation and mitigation as follows: "The defendant was convicted of other crimes for which consecutive sentences could have been imposed; however, for which concurrent sentences are being imposed. That was part of the agreement that the new case 965674 would run concurrently with his VOPs.

"The manner in which the crimes were carried out indicates some planning, sophistication and professionalism. He has—his prior convictions as an adult are numerous. He was on three grants of felony probation. His prior performance on probation has been unsatisfactory. [Probation] lists no

8

circumstances in mitigation, but I would say there was an early admission of guilt here."

For the current case, the court imposed the middle term of two years for unlawful possession of a firearm by a felon (§ 29800, subd. (a); count 5).

Moving on to whether the terms for the remaining cases would run consecutively or concurrently, the court stated: "Well, for all four cases, their crimes and their objectives were predominantly independent of one another and they were committed at different times and separate places. So under the Rules of Court 4.425, consecutive sentencing is appropriate. However, the agreement, as I said, on 965674 was that it be concurrent."

The trial court imposed the following sentence for the three probation cases: in case No. CR960568, the middle term of three years as the principal term for possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1; count 1) and a consecutive eight months (one-third the middle term) for possession for sale of methamphetamine (*id.*, § 11378; count 4); in case No. CR962157A, one year (one-third the middle term) for possession of certain controlled substances while armed with a loaded, operable firearm (*id.*, § 11370.1; count 1), eight months (one-third the middle term) for possession for sale of methamphetamine (*id.*, § 11378; count 3), plus two years for the on-bail enhancement under section 12022.1; and in case No. CR960829A, one year (one-third the middle term) for possession for sale of cocaine (Health and Saf. Code, § 11351; count 1), with all subordinate terms to be served consecutively, for an aggregate sentence of eight years, eight months. (The two years imposed for the current case was to run concurrently per the plea agreement.)

9

## DISCUSSION

A. *Imposition of Consecutive Terms Was Not an Abuse of Discretion*

Trial courts have "broad discretion to impose consecutive sentences when a person is convicted of two or more crimes," and rule 4.425 sets forth criteria to guide the trial courts in exercising this discretion. (*People v. Shaw* (2004) 122 Cal.App.4th 453, 458; § 669, subd. (a).)

"Factors affecting the decision to impose consecutive rather than concurrent sentences include" facts relating to the crimes, including whether "(1) *The crimes and their objectives were predominantly independent of each other*; [¶] (2) The crimes involved separate acts of violence or threats of violence; or [¶] (3) *The crimes were committed at different times or separate places*, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." (Rule 4.425(a), italics added.)[6]

We review for abuse of discretion a trial court's decision as to whether multiple sentences are to run concurrently or consecutively. (*People v. Lepe* (1987) 195 Cal.App.3d 1347, 1350.) A "trial court abuses its discretion only when, considering all the circumstances, its determination exceeds the bounds of reason." (*Ibid.*)

Blanton argues the trial court abused its discretion in finding his offenses were predominantly independent of each other. He argues the crimes of the three probation cases were "intertwined, reflecting a continuous

_____

[6] In addition, "[a]ny circumstances in aggravation or mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial, may be considered in deciding whether to impose consecutive rather than concurrent sentences, except: [¶] (1) A fact used to impose the upper term; [¶] (2) A fact used to otherwise enhance the defendant's sentence in prison or county jail under section 1170(h); and [¶] (3) A fact that is an element of the crime." (Rule 4.425(b).)

period of [Blanton] possessing sellable quantities of drugs," "within a period of less than six months." And he asserts, given his preceding 10 years of sobriety, "the set of three similar crimes within six months with the single objective of possessing drugs for sale constituted 'a single period of aberrant behavior.' "

The trial court found consecutive sentencing appropriate, first, because the crimes and the objectives of the three probation cases were predominantly independent of one another (rule 4.425(a)(1)) and, second, because "they were committed at different times and separate places" (rule 4.425(a)(3)). It is not disputed the crimes were, in fact, committed at different times and in separate places. Blanton's appellate claim is that the trial court was nonetheless *required as a matter of law* to determine his crimes were "committed so closely in time and place as to indicate a single period of aberrant behavior" under rule 4.425(a)(3). We are not persuaded. Blanton was arrested after each incident in April, June, and November 2021, and after each arrest, he chose to obtain additional drugs for sale again. On this record, we cannot say the trial court's determination that consecutive terms were appropriate exceeds the bounds of reason. Blanton's claim that the trial court abused its discretion in ordering consecutive sentences therefore fails.

B.    *Remand is Appropriate*

Blanton's remaining claims are generally claims that defense counsel failed to raise arguable mitigating circumstances at sentencing.[7] We address

---

[7] To the extent Blanton contends the trial court abused its discretion in not finding drug addiction was a mitigating circumstance under rule 4.423(b)(2), we reject the contention. On this record, we cannot say a reasonable trial court would be required as a matter of law to find that

11

one of those arguments here, as it pertains to the two-year on-bail enhancement imposed in this case. We agree with Blanton that defense counsel should have pointed out that the fact his current offenses are not violent felonies is a mitigating circumstance "weigh[ing] greatly in favor of dismissing" the on-bail enhancement under section 1385, subdivision (c)(2)(F), a provision never raised by defense counsel or mentioned at sentencing.

Section 1385, subdivision (c)(1), provides that the trial "court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." In exercising its discretion under section 1385, "the court shall consider and afford great weight to evidence offered by the defendant to prove . . . [specified] mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2) (section 1385(c)(2)).)

---

Blanton was a drug addict and his addiction was "a mental or physical condition that significantly reduced culpability for" his numerous crimes committed over the course of months and years. (*Ibid*.) To the contrary, where a "defendant either engages in crime to support his substance abuse habit, or uses that habit as an excuse or explanation for continued criminal conduct, and the defendant shows little incentive or ability to change, the substance abuse habit does not 'significantly reduce' his culpability for the crime, nor does it make the criminal conduct 'partially excusable.' " (*People v. Reyes* (1987) 195 Cal.App.3d 957, 963–964, fn. omitted.) On remand, Blanton is free to offer argument and evidence that he has a drug addiction that qualifies as a mitigating circumstance under rule 4.423(b)(2). We merely hold that the record does not affirmatively demonstrate the trial court abused its discretion in not finding Blanton has a mental or physical condition that significantly reduced his culpability.

12

The list of mitigating circumstances in section 1385(c)(2) includes: "(F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5."

When a defendant proves a mitigating circumstance is present, "absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating circumstances when they are present. In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1038.)

Here, there is no dispute that none of Blanton's offenses are violent felonies as defined by the statute, but section 1385(c)(2)(F)'s requirement that the sentencing court treat this fact as a mitigating circumstance weighing greatly in favor of dismissing the on-bail enhancement was never addressed in connection with sentencing. The provision was not mentioned in the probation report, defendant's written statement in mitigation, or at the sentencing hearing.

To demonstrate ineffective assistance of counsel, Blanton must show "counsel's performance was deficient" and "resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

We can conceive of no reasonable tactical purpose for defense counsel's failing to argue section 1385(c)(2)(F) applied in this case. (See *People v. Centeno* (2014) 60 Cal.4th 659, 675–676 [where there was no conceivable

13

"reasonable tactical purpose for defense counsel's omission," defense counsel's failure to object to prosecutorial misconduct was ineffective].) The Attorney General suggests defense counsel was focusing on the request for probation and "may not have wanted to shift more of the court's attention to the on-bail enhancement." This is unconvincing because defense counsel did "request some relief" on the on-bail enhancement "if the Court doesn't see fit to grant probation." Having made the request, there was no reason for defense counsel to fail to argue the applicable statutory basis for dismissing the enhancement.

We further conclude defense counsel's omission was prejudicial. For the trial court to impose the on-bail enhancement despite none of Blanton's offenses being violent, it was required to find either that (1) "dismissal of the enhancement would endanger public safety" (§ 1385(c)(2)) or (2) there is "substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice' " (*People v. Walker*, *supra*, 16 Cal.5th at p. 1029). Had defense counsel raised the applicability of section 1385(c)(2)(F), there is a reasonable probability the trial court would have dismissed the enhancement.[8] Accordingly, we will remand the matter for resentencing.

Blanton also argues counsel was ineffective in failing to object to certain aggravating circumstances found by the court and failing to argue his drug addiction was a mitigating circumstance. On remand, Blanton is free to make the arguments he believes counsel should have made. (See *People v.*

---

[8] We express no views on whether the enhancement should be dismissed under section 1385(c)(2)(F), which is a matter for the trial court to decide in the first instance.

14

*Jones* (2022) 79 Cal.App.5th 37, 46 [on remand for resentencing, "full resentencing is appropriate"]; *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64 [" 'When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme' "].)

## DISPOSITION

The matter is remanded for resentencing in accordance with this opinion.

_____
Miller, J.

WE CONCUR:

_____
Stewart, P. J.

_____
Desautels, J.

A169874, *People v. Blanton*